**FIRST NAT. BANK OF FARMERSVILLE et al. v. HARRIS BROS. GRAIN CO.**
(No. 8852.)

(Court of Civil Appeals of Texas. Dallas. June 16, 1923.)

**Judgment �köß256(5)—Judgment against bank for negligent handling of draft held unsustained by finding.**

In an action against a bank to recover for the alleged negligent handling of a draft, with bill of lading attached, covering a shipment of a carload of hay by plaintiff where the shipment was shown to have been consigned to the order of P. with instructions to notify T. and the draft with bill of lading attached drawn on S., and where the damages resulting to plaintiff were shown to have grown out of delay in identifying the shipment as the one intended for S., on whom the draft was drawn, rather than any negligence of the defendant bank, held, that a judgment against the bank could not be sustained.

Appeal from Collin County Court, T. O. Murray, Judge.

Action by the Harris Bros. Grain Company against the First National Bank of Farmersville and others. From a judgment for plaintiff and against certain defendants, those defendants appeal. Affirmed in part, and reversed and rendered in part.

Smith & Abernathy, J. E. Abernathy, Hughston & Neilson, and L. J. Truett, all of McKinney, and H. Duncan, of Gonzales, for appellants.

W. M. Jones, of Dallas, for appellee.

JONES, C. J. This is a suit originally filed in the justice court in Collin county by Harris Bros. Grain Company against the First National Bank of Farmersville for the

sum of $171.98. Harris Bros. Grain Company is a firm composed of Ray H. and Herman Harris, and, at the time of the filing of this suit, was doing business in Farmersville, Tex., under the name of "Farmersville Grain Company." This suit was based on the alleged negligent handling of a draft drawn by the Farmersville Grain Company on J. F. Skinner, of Gonzales, Tex., for the sum of $377.58. The draft was drawn in payment for a car of hay shipped by Farmersville Grain Company to the said J. F. Skinner at Gonzales. The draft was made payable to the order of the First National Bank of Farmersville, and the said bank at the time the draft was drawn gave to the grain company a credit for the face value of the draft. The draft also contained instructions placed there at the instance of the grain company for it to be routed through Farmers' National Bank of Gonzales, Tex. Attached to this draft was a railway bill of lading for a car of hay issued by the Missouri, Kansas & Texas Railway Company. The shipper named in the bill of lading was H. A. Partridge and the shipment was to Gonzales, Tex., and consigned to the order of H. A. Partridge with instructions to notify J. H. Turner. There was nothing in the bill of lading to show that the Farmersville Grain Company was the real shipper, nor that J. F. Skinner was the one for whom the shipment was intended. The bill of lading also contained the written instructions to allow inspection only.

The draft was drawn on November 16, 1917, and on that date was sent by the Farmersville Bank to its correspondent, the American Exchange National Bank of Dallas, Tex., accompanied by a letter which contained printed instructions to protest and return on day of receipt if not paid. The American Exchange National Bank of Dallas sent the draft and bill of lading to the Farmers' National Bank of Gonzales, subject to protest, accompanied by a letter of instruction, which letter contained the printed instruction to return at once all unpaid items and not to protest items $20 or under and deliver papers only on payment of draft.

The Farmers' National Bank of Gonzales received the draft and bill of lading on November 20, 1917, and immediately notified J. F. Skinner that it held said draft and bill of lading for collection. Skinner at once notified the Gonzales bank that he would take up the draft as soon as the car of hay arrived and he had inspected it. He went immediately to the two railway depots at Gonzales and made inquiry for the shipment, but was told by the agents that there was no shipment for him. He made this inquiry every day for a number of days and each time was notified that the shipment to

him had not arrived. He notified the Gonzales bank that he would not pay the draft until the shipment arrived and he had an opportunity to inspect the shipment.

The car of hay intended for Skinner actually arrived at Gonzales on November 19, 1917, over the San Antonio & Aransas Pass Railway Company line. As the bill of lading carried the information that H. A. Partridge was the shipper and that the shipment was intended for J. H. Turner, the railway agent never associated this car of hay with the car that was to be shipped to Skinner. The railway agent at once notified J. H. Turner by mail of the arrival of that car of hay. It was not known in Gonzales that this car of hay was the one intended for Skinner until about 3 weeks afterwards, when Skinner, not having received the car of hay, wrote the Farmersville Grain Company making inquiry as to why he had not received the hay, and the company then informed him that the hay had been shipped for 20 days or more. This information was first conveyed to the agent of the railway company at Gonzales by a telegram from the Farmersville Grain Company on December 11, 1917, that the car consigned to H. A. Partridge, notify J. H. Turner, was the car intended for Skinner. At this time demurrage to the amount of $65 had accrued. Skinner notified Farmersville Grain Company he would not take the hay unless the demurrage was released or deducted from the price to him. There was some correspondence between Skinner and the grain company in reference to this matter, with the result that the grain company refused either to release the demurrage or deduct same from the price of the hay, and Skinner then notified the bank at Gonzales that he would not pay the draft. The draft then was returned to the grain company.

Subsequently, one of the firm of Harris Bros. Grain Company visited Gonzales and a deal was made with Skinner by which he took the car of hay on the grain company's paying the cost of demurrage amounting to $105.00, storage $24.50, unloading $9.25, insuring $3.13, and incurring expense in looking after car $30, or the total of $171.98, for which amount this suit was brought.

When suit was filed against the Farmersville bank, it, by appropriate pleading, impleaded the American Exchange National Bank and prayed a recovery over against it for any amount that might be adjudged against the First National Bank of Farmersville. The American Exchange National Bank then, by its answer and by appropriate pleading, impleaded the Farmers' National Bank of Gonzales and asked a recovery over against it for any judgment that might be decreed against the said American Exchange National Bank. The Gonzales bank impleaded the San Antonio & Aransas Pass Railway Company and J. F. Skinner,

and, by appropriate allegations, prayed for judgment over against these defendants for any amount that might be adjudged against the Farmers' National Bank of Gonzales.

Upon a trial of the case on the issues thus joined, the court entered judgment in favor of Harris Bros. Grain Company for the sum of $129.60, being the amount of demurrage and storage on the car of hay at Gonzales. Judgment was also given in favor of First National Bank of Farmersville against the American Exchange National Bank and against the Farmers' National Bank of Gonzales, and the American Exchange National Bank of Dallas was given a like judgment against the Farmers' National Bank of Gonzales. Judgment was in favor of Skinner and the railway company.

All of the losing parties have perfected their appeal and have duly assigned error on which the appeal is based.

The case was tried before the court, and, on request of appellants, the court filed his findings of fact and conclusions of law. The findings of fact are briefly as stated above, and from these findings the court entered the judgment.

It is urged that the findings of fact form no basis for a judgment in favor of Harris Bros. Grain Company against the First National Bank of Farmersville. We think this position is well taken. The judgment is for expenses incurred by appellees because of the delay in identifying the car of hay intended for Skinner. This delay was not occasioned by any negligence of the First National Bank of Farmersville, but was due solely to the neglect of appellees to notify Skinner or the railway company at Gonzales, or the Farmers' National Bank at Gonzales, that the car consigned to H. A. Partridge, with instructions to notify Turner, was the car shipped by the Farmersville Grain Company and intended for Skinner. Skinner was very diligent in trying to discover this car, and he was having the bank at Gonzales hold the draft until the car could be located and he exercised the right given him to inspect it. Appellees did not ask for any recovery against the Gonzales bank for negligence in holding the draft, and it is immaterial on this inquiry whether the Gonzales bank was negligent in this respect or not. We therefore hold that the proof failed to make out a cause of action against the Farmersville National Bank.

As judgment against the other appellants is based primarily on the judgment against the Farmersville National Bank, it follows that these judgments must fall also, and the case is therefore affirmed as to Skinner and the railway company, and reversed and rendered in favor of all the other appellants.

Affirmed in part, and reversed and rendered in part.